IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JUDEAU S. BROWN, JR., | : |
| Plaintiff, | : |
| v. | : Civ. No. 21-365-CFC |
| WARDEN ROBERT MAY et al., | : |
| Defendants. | : |

Judeau S. Brown, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

December 17, 2021
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

## I. INTRODUCTION

Plaintiff Judeau S. Brown, Jr., an inmate at James T. Vaughn Correctional Center in Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. (D.I. 3) He proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a). Plaintiff has also filed a motion for injunctive relief. (D.I. 9)

## II. BACKGROUND

The following facts are taken from the Complaint and assumed to be true for screening purposes. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff alleges violations of the Eighth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983.[1] (D.I. 3 at 8) Plaintiff raises claims concerning the failure of numerous correctional officers (all of whom are named Defendants) to wear masks during the COVID-19 pandemic from April 26, 2020 through February 11, 2021. (*Id.* at 8-10) Plaintiff has filed numerous grievances over the issue. (*Id.* at 3) All grievances were referred to Defendant Captain Dodson for further investigation. (*Id.* at 10) Plaintiff sent Defendant Warden Robert May a "notice of intent" via Defendant Lt. DeJesus regarding the failure of officers to wear facemasks. (*Id.*)

Plaintiff alleges that officers and higher ranked staff deliberately and intentionally failed to wear face masks with the intent of spreading the COVID-19 virus and this

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

placed him in an unreasonable amount of imminent danger of physical injury or death. (*Id.*) He also alleges that the failure to wear face masks violated the Governor's Emergency Order and is an inadequate measure to prevent spreading of COVID-19. (*Id.*) Plaintiff has not been tested for COVID-19. (*Id.*)

Plaintiff seeks either bail pending the outcome of his petition for writ of habeas corpus, $1,000 per mask violation, his conviction vacated and his immediate release, or to finish serving his sentence under house arrest. (*Id.* at 11-12) Plaintiff's motion for injunctive relief is basically a reiteration of his Complaint with the addition of an allegation that Defendant Thongwong attempted to poison Plaintiff by placing a spider in his cell. (D.I. 19, 20)

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Amended Complaint, "however inartfully pleaded, must be held to less stringent

2

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief can be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend the complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v.*

3

*Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

The Court takes judicial notice that face masks are worn by all correctional officers and contract healthcare workers as a protection for inmates, officers and other employees. *See* https://doc.delaware.gov/assets/documents/How_the_Delaware_DOC

4

_is_containing_COVID19.pdf (last visited Nov. 16, 2021). From March through June 2020, more than half of all DOC inmates were provided face masks, including those in infirmaries, those with compromised immune systems, those with certain institutional jobs, and all inmates at multiple facilities. *Id.* As of April 2020, face masks became mandatory for all correctional officers (correctional healthcare staff and some officers had been wearing face masks for weeks). *Id.*

In order to state an Eighth Amendment conditions of confinement claim, a plaintiff must allege that: "(1) he was incarcerated under conditions imposing a substantial risk of serious harm, (2) the defendant-official was deliberately indifferent to that substantial risk to his health and safety, and (3) the defendant official's deliberate indifference caused him harm." *See Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012). Conditions of confinement violate the Eighth Amendment if they "alone or in combination . . . deprive inmates of the minimal civilized measure of life's necessities." *See id.* at 347.

"To establish deliberate indifference [in the COVID-19 context, a plaintiff] must show the Government knew of and disregarded an excessive risk to [his] health and safety." *Hope v. Warden York Cty. Prison*, 972 F.3d 310, 325-31 (3d Cir. 2020) (citing *Nicini v. Morra*, 212 F.3d 798, 811 (3d Cir. 2000). "Thus, where the [facility] has taken concrete steps towards mitigating the medical effects of COVID-19 on a detention facility, a prisoner will fall "well short of establishing that the [facility and its staff were] deliberately indifferent toward [his] medical needs" in light of the virus even though the[y] cannot entirely "eliminate all risk" of contracting COVID, notwithstanding even serious pre-existing medical conditions the prisoner may have. *Id.* at 330-31. Moreover, courts have concluded that similar allegations do not support a plausible

inference that officials have demonstrated deliberate indifference to inmates' Eighth Amendment rights. See *Wilkins v. Wolf*, 2021 WL 1578250, at *7 (M.D. Pa. Apr. 22, 2021) (concluding that complaint brought by another inmate in SCI-Huntingdon did not state an Eighth Amendment claim upon which relief could be granted with respect to DOC's response to COVID-19); *Bevins v. Kauffman*, 2021 WL 322168, at *5 (M.D. Pa. Feb. 1, 2021) (concluding that complaint brought by SCI-Huntingdon inmate regarding prison's response to COVID-19 failed to state an Eighth Amendment claim upon which relief could be granted).

Plaintiff fails to state a claim for violation of the Eighth Amendment. As discussed above, the DOC has adopted detailed preventative steps to mitigate the risk to inmates and staff and to control the spread of COVID-19 throughout the state correctional institutions which include the use of masks. This Court may take judicial notice of this information, as it is publicly available on a governmental website. See *Vanderlok v. United States*, 868 F.3d 189, 205 (3d Cir. 2017). Also, a review of the DOC COVID-19 website suggests that DOC officials, including Defendants, have not acted unreasonably with respect to the threat posed by COVID-19 and instead have instituted measures to safeguard the entire inmate population which includes Plaintiff. Nor does Plaintiff allege any COVID-19 symptoms, lack of treatment for them, or exposure to individuals who presently have COVID-19. As pled, the Court "cannot conclude that, when faced with a perfect storm of a contagious virus and the space constraints inherent in a correctional facility, [Defendants] here acted unreasonably by 'doing their best.'" See *Swain v. Junior*, 961 F.3d 1276, 1289 (11th Cir. 2020).

Therefore, Court will dismiss the complaint for failure to state a claim for violation of the Eighth Amendment upon which relief can be granted.

## V.     CONCLUSION

For the above reasons, the Court will: (1) deny as moot Plaintiff's motion for injunctive relief (D.I. 9); and (2) dismiss the Complaint for failure to state claims upon which relief can be granted.  Amendment is futile.

An appropriate order will be entered.